313 F.2d 170
 In the Matter of CROFOOT, NIELSEN & CO., Alleged Bankrupt.
CONTINENTAL AUTOMOBILE LEASING SYSTEMS, INC., Appellant,
v.
CROFOOT, NIELSEN & CO., and Nathan Yorke, Assignee for Benefit of Creditors, Appellees.
 No. 13789.
 United States Court of Appeals Seventh Circuit.
 January 22, 1963.
 Rehearing Denied February 27, 1963.
 
 Ralph G. Scheu and Jerome Berkson, Chicago, Ill., for appellant.
 Norman H. Nachman, Chicago, Ill., Louis W. Levit, Gerald F. Munitz, Chicago, Ill., of counsel, for appellees.
 Before SCHNACKENBERG, KILEY, and SWYGERT, Circuit Judges.
 KILEY, Circuit Judge.
 
 
 1
 The District Court affirmed an order of the Referee dismissing Continental's involuntary petition in bankruptcy. Continental has appealed.
 
 
 2
 Crofoot, Nielsen & Co. made a general assignment for the benefit of creditors and on August 30, 1961, Continental, through its secretary-treasurer Healy, filed, as a single creditor,[1] the involuntary petition against Crofoot. The Referee conducted a hearing on Crofoot's motion to dismiss the petition, alleging more than twelve creditors, Continental's answer, and affidavits of both parties. He concluded that there was no genuine issue of fact, and dismissed Continental's petition. No notice was given Crofoot's creditors before dismissal. The District Court affirmed the dismissal order, and this appeal followed.
 
 
 3
 The question is whether the District Court erred in affirming the order dismissing the petition without notice to Crofoot's other creditors.[2]
 
 
 4
 11 U.S.C.A. § 95, sub. b (Supp.1961) provides that if all the creditors are less than twelve, a single creditor may file the involuntary petition. If "* * * less than three creditors have joined as petitioners therein, and the answer avers the existence of a large number * * * thereupon the court shall cause all such creditors to be notified * * * and shall delay the hearing * * * for a reasonable time, to the end that the parties in interest shall have an opportunity to be heard." 11 U.S.C.A. § 95, sub. d. But if a single creditor files a petition with knowledge that the allegation (less than twelve creditors) is false, the petition will be dismissed as a fraudulent attempt to confer jurisdiction upon the court where none exists and intervention "presumably" will be denied. 3 Collier on Bankruptcy 601-02 (14th ed. 1961). Navison Shoe Co. v. Lane Shoe Co., 36 F.2d 454 (1st Cir. 1929), Matter of Security Motor Co., 51 F.Supp. 559 (W.D.Mo.1943), and In re Gibraltar Amusements, Ltd., 187 F.Supp. 931 (E. D.N.Y.1960) are cited to Collier's prophecy.
 
 
 5
 The Referee's conclusion was based on findings that Continental's petition alleged there were less than twelve Crofoot creditors; that Crofoot's affidavit listed more than a hundred creditors; that the number was not questioned by Continental; and that Continental's attorney was informed the day before the petition was filed that there were more than twelve creditors.
 
 
 6
 The Referee expressly stated there was no finding of fraud. The basis of his decision to dismiss appears to have been the "uncontroverted" list showing there were in excess of twelve creditors.
 
 
 7
 On review, the District Court did not expressly find fraud. It found that petitioner's attorney was told by bankrupt's attorney there were in excess of twelve creditors; and that Continental made no showing of the basis for its allegation, on information and belief, of "less than twelve." It concluded that petitioner and its attorney had no reason to believe there were less than twelve creditors.
 
 
 8
 The only finding relating to the implication of fraud by the District Court is that of the Referee regarding the conversation between the attorneys the day before the petition was filed. But when the Referee's order was entered, Continental's attorney, by affidavit, had raised an issue on what was said between the attorneys. In a somewhat disconnected connected hearing, the Referee heard testimony and statements of the attorneys, and expressly found, orally, that there was no fraud.[3] The District Court had before it only the record of that proceeding.
 
 
 9
 We decide that there was not a sufficient hearing of the issue raised before the Referee; that there are not sufficient findings of fact upon which to support a conclusion that Continental's attorney knew the allegation "less than twelve" was false; and that there is no conclusion to justify dismissing the petition as a fraudulent attempt to confer bankruptcy jurisdiction on the court where none exists. 3 Collier on Bankruptcy 601-02 (14th ed. 1961).
 
 
 10
 If there was no fraud in filing of the petition, 11 U.S.C.A. § 95, sub. d required notice to other creditors. In re Plymouth Cordage Co., 135 Fed. 1000, 1007 (8th Cir. 1905), 3 Collier on Bankruptcy 601-02 (14th ed. 1961). If there was fraud[4] notice was not required. This is a vital point on which a clearcut finding and conclusion must be made.
 
 
 11
 The judgment is reversed, and the cause remanded for further proceedings.
 
 
 
 Notes:
 
 
 [1]
 11 U.S.C.A. § 95, sub. b (Supp.1961) provides that if there are less than twelve creditors, one creditor, with a claim of $500.00 or more, may file a petition to have the debtor declared a bankrupt
 
 
 [2]
 11 U.S.C.A. § 95, sub. d
 
 
 [3]
 Fraud must be proved by clear and convincing testimony. Matter of Security Motor Co., 51 F.Supp. 559 (W.D.Mo. 1943)
 
 
 [4]
 The implication of fraud could have grave consequences for the attorney under Rule 11, Federal Rules of Civil Procedure
 
 
 SWYGERT, Circuit Judge (dissenting.)
 
 12
 The verified petition for adjudication in bankruptcy filed by Continental against Crofoot contained the following allegation:
 
 
 13
 "Your petitioner, upon information and belief, states that the creditors of the Alleged Bankrupt are less than twelve (12) in number."
 
 
 14
 In the course of an examination before the referee, counsel for Continental admitted that the attorney for Crofoot had told him the day before the petition was filed that the alleged bankrupt had more than twelve creditors. He has also admitted that except for the information received from Crofoot's attorney the only basis for the allegation that on "information and belief" there were fewer than twelve creditors was a statement by his client that it had knowledge of only two additional creditors and that it "in no way knew or had cause to know as a fact that there were in excess of twelve qualified creditors of the alleged bankrupt."
 
 
 15
 The motion to dismiss the petition and for summary judgment by Crofoot was based on the ground that on the date of filing the involuntary petition the creditors of the alleged bankrupt were more than twelve in number, and that the petitioning creditor knew or had reasonable cause to knew that the said creditors were more than twelve in number. The motion was supported by affidavits. Attached to one affidavit was a list containing more than one hundred (100) persons, firms and corporations, all of whom were creditors of the alleged bankrupt when the petition was filed.
 
 
 16
 While it is true that the referee, in announcing his decision to grant the motion to dismiss stated that it was not based "on the ground of fraud or recklessly false allegations, but merely on the absence of any countervailing affidavit to that of H. Edward Koch, listing creditors who obviously are more than twelve," he prefaced the foregoing statement by saying, "I cannot find, from reading the pleadings and the affidavits that there was fraud on the part of the petitioning creditor beyond all peradventure." More importantly, the referee in his formal findings mentioned neither the existence nor absence of fraud.
 
 
 17
 The trial judge, in affirming the referee's order of dismissal, recognized the complete absence of any evidence offsetting the clear inference that petitioning creditor had reason to believe that there were more than twelve creditors when it filed the petition.[1]
 
 
 18
 It would appear that this Court is holding that in the absence of a finding of fraud the referee is without authority to dismiss the petition. I do not think a formal finding either of fraud (at least one "beyond all peradventure"), or of reckless indifference is required. Navison Shoe Co. v. Lane Shoe Co., 36 F.2d 454 (1st Cir. 1929), clearly supports the decision of the trial judge.[2]
 
 
 19
 Here, the petitioning creditor made the verified averment that "upon information and belief" there were less than twelve creditors despite the fact that the only affirmative information on the subject made available to it was to the contrary.
 
 
 20
 The decisions of the referee and trial judge are being reversed because their rulings failed (charitably perhaps) to include a formal finding that this was a fraudulent attempt to confer bankruptcy jurisdiction. In light of the facts, I do not think such ritualistic formality was necessary. I would affirm the District Court's order of dismissal.
 
 
 
 Notes:
 
 
 [1]
 The trial judge's statement reads in part:
 "The Court has carefully examined the motion, memoranda, and affidavits filed with the Referee, the transcript of the hearing on the motion, and pertinent authorities. The uncontroverted facts show that the number of creditors on the day the petition was filed was in fact in excess of 100, computed in accordance with 11 U.S.C. Sec. 95(e), and the counsel for the petitioning creditor was informed before the filing of the petition that the number of creditors was more than 12.
 "Title 11 U.S.C. Sec. 95(b) provides that three creditors may file a petition to have a person adjudged a bankrupt, but if there are less than 12 creditors, a single creditor may file a petition. When the single petitioning creditor believes in good faith that there are less than 12 creditors, and the alleged bankrupt moves for dismissal, alleging that there are more than 12, the court shall cause all creditors to be notified of the pendency of the proceeding and delay a hearing for a reasonable time to the end that all parties in interest may have an opportunity to be heard. If at the hearing it be shown that a sufficient number of creditors have since joined, the case may proceed, but otherwise it shall be dismissed (11 U.S.C. Sec. 95(d)). But if the petitioning creditor makes the averment, that the creditors are less than 12, in bad faith, recklessly, or fraudulently and thereby attempts to impose jurisdiction on the court in hope that a sufficient number of creditors will intervene and save the defective petition, the court may properly dismiss. (Citing cases.)
 * * * * *
 "No indication has been made showing upon what information petitioning creditor believed the creditors were less than 12 in number. In view of the admissions in the record of counsel for petitioning creditor, and other evidence from which it could be reasonably inferred that counsel for petitioning creditor and petitioning creditor had reason to believe that the number of creditors was in excess of 12, this Court is unable to say that the order of the Referee is `clearly erroneous.'" (Emphasis supplied.)
 
 
 [2]
 In the Navison Shoe case, the court said:
 "It was wholly immaterial what counsel for the Lane Shoe Company believed. The material question was what the Lane Shoe Company knew or should have known and believed, on the date it filed its petition seeking the adjudication of the Navison Shoe Company, Inc., as a bankrupt, having previously received the information that it had; * * *
 "* * * the conclusion to be drawn from the primary facts found by the master is clear — that the Lane Shoe Company, on November 10, 1928, when it filed the petition, in which it alleged that the creditors of the Navison Shoe Company, Inc., were less than twelve, did so knowing that the allegation was false; or did so recklessly not caring whether the allegation, which it affirmed as of its own knowledge to be true, was true or false, and, being false, its conduct was a fraudulent attempt to confer jurisdiction upon the court, where none existed. * * *
 "It is incredible that the petitioner did not believe the information that had been given it, or, having such information, did not suspect what it affirmed in its petition to be true was false, in which event its conduct would be fraudulent, for one cannot affirm as of his own knowledge a thing to be true, intending it to be relied upon, if he suspects it to be false, without being guilty of fraud. * * * A person who suspects his statement is false does not entertain an honest belief it is true, or is consciously and wickedly indifferent to its truth or falsity."