**In re CROWN SPORTSWEAR,
INC., Appellant.**

**No. 77–1487.**

United States Court of Appeals,
First Circuit.

Argued March 9, 1978.

Decided May 17, 1978.

George R. Desmond, Framingham, Mass., for appellant.

Scott P. Lewis, Boston, Mass., with whom Palmer & Dodge, Boston, Mass., was on brief, for appellee.

Before CAMPBELL, Circuit Judge, BOWNES, Circuit Judge, PETTINE,* District Judge.

BOWNES, Circuit Judge.

The issue in this bankruptcy appeal is whether an involuntary petition in bankruptcy brought by a single creditor alleging that the number of creditors was fewer than twelve should have been dismissed as a matter of law. The bankrupt-appellant moved to dismiss on the ground that, since it had more than eleven creditors, the bankruptcy court had no jurisdiction of the petition.

On June 4, 1976, appellant, Crown Sportswear, Inc., had made a general assignment for the benefit of creditors. Bassett-Walker Knitting Company, Inc., a creditor of Crown to the amount of $51,702, brought a creditor's petition in bankruptcy on September 24, 1976, alleging that Crown had fewer than twelve creditors and citing the assignment as an act of bankruptcy, which it clearly was. No question is raised as to Crown's insolvency at the time the petition was filed or as to the timeliness of the petition.

The bankruptcy judge found, as is agreed by the parties, that there were in fact more than eleven creditors. He also found that the allegation of fewer than twelve creditors was not made in bad faith, nor was the conduct of the petitioner's attorney reckless. The motion to dismiss the petition was denied by the bankruptcy judge and upheld by the district court on the ground "that he applied the correct legal standard, and that his findings of fact were not clearly erroneous, and indeed warranted by the evidence. Bankruptcy Rule 810." Order of district court, October 25, 1977.

At the outset, we are faced with the fact that, in making his findings, the bankruptcy judge went outside the record and relied on material submitted in a memorandum in opposition to the motion to dismiss. The only evidence on the record and, therefore, the only evidence that the bankruptcy judge should have considered was the testimony of Peter Terris, attorney for the petitioning creditor. Terris testified that his investigation as to the number of creditors consisted of conversations with his client, specifically a woman in the credit department who told him she had no information as to the number of creditors, and obtaining a copy of an assignment for the benefit of creditors, executed by the bankrupt, from the town clerk of Framingham. This, also, was of no help as to the number of creditors.

The bankruptcy judge found no bad faith, but then went on to find further:

On what information and belief then was this allegation made? I find that it was on the mistaken assumption that the aggregate amount of the then outstanding debts of Crown was approximately $72,000 (as opposed to the correct figure of $92,000) of which $51,702 was owed to Bassett-Walker. Attributing 5/7 of that amount to the debt owing Bassett-Walker and some substantial portion of the remainder to the Shawnut Bank of Framingham, guarantor of Crown's debt to Bassett-Walker, it was considered unlike-

---

* Of the District of Rhode Island, sitting by designation.

ly by counsel for Bassett-Walker that the number of remaining eligible creditors, assumed by way of the Bankruptcy Act, Section 59(e)(3), 11 U.S.C. 95(e)(3) to be creditors who had not assented to an assignment for the benefit of creditors of Crown, would number 12 or more. (*See Memorandum in Opposition to Motion to Dismiss*) [emphasis added].

This reasoning may have been correct, but it was based on facts, assumptions and inferences that have no foundation in the record. *In re Aughenbaugh*, 125 F.2d 887 (3d Cir. 1942).

Since the only record facts are clear and undisputed and not susceptible of interpretation, we resist the temptation to remand, and will determine on the basis of the testimony of Attorney Terris whether or not the petition should be dismissed as a matter of law.

 The Bankruptcy Act permits a single creditor to file an involuntary bankruptcy petition if his claim is for at least $500, and if the debtor has fewer than twelve creditors. Bankruptcy Act § 59(b), 11 U.S.C. § 95(b).[1] Bankruptcy Rule 104(e) specifically provides: "If it appears that there are 12 or more creditors as counted under § 59e of the title, the court shall thereupon afford a reasonable opportunity for other creditors to join in the petition before a hearing is held thereon." Intervention is a matter of right unless the bankruptcy court finds the petition was made in bad faith for the purpose of improperly invoking its jurisdiction. Good faith is presumed and the burden of showing bad faith rests on the alleged bankrupt or another interested party. 3 Collier on Bankruptcy ¶ 59.30, pp. 647–648.

 It seems obvious that Rule 104(e) anticipated that one-person petitions might be mistaken as to the number of creditors:

*Joinder of Petitioners After Filing.* Creditors other than the original petitioners may join in an involuntary petition at any time before its dismissal. If the answer to an involuntary petition filed by one or 2 creditors avers the existence of 12 or more creditors, the alleged bankrupt shall file with the answer a list of all his creditors with their addresses, a brief statement of the nature of their claims, and the amounts thereof. If it appears that there are 12 or more creditors as counted under § 59e of the title, the court shall thereupon afford a reasonable opportunity for other creditors to join in the petition before a hearing is held thereon.

The language puts the burden on the bankrupt, if the petition is challenged to specify the number and identity of creditors. 11 U.S.C. § 95(d), upon which the rule is based, embodies the same charitable attitude toward petitions mistakenly asserting that there are less than twelve creditors. After specifying that if the answer avers the existence of a larger number of creditors, the creditors shall be notified and a hearing held, the statute provides:

If upon such hearing it shall appear that a sufficient number of qualified creditors have joined in such petition or, if prior to or during such hearing, a sufficient number of qualified creditors shall join therein, the case may be proceeded with, but otherwise it shall be dismissed.

Clearly, the purpose of the statute and the rule is to facilitate bankruptcy proceedings regardless of the correctness of the originating petition. *See In re Herriott*, Bankruptcy No. 74–1659–HL, D.Mass.1975.

We have been unable to find any cases suggesting that a cursory investigation of the type made here amounts to bad faith as a matter of law. The leading case under the rule and the one most often cited is *Myron M. Navison Shoe Co. v. Lane Shoe Co.*, 36 F.2d 454 (1st Cir. 1929). In that

---

1. 95. *Who may file and dismiss petitions.*

. . . . .

(b) Three or more creditors who have provable claims not contingent as to liability against a person, amounting in the aggregate to $500 in excess of the value of any securities held by them, or, if all of the creditors of the person are less than twelve in number, then one or more of the creditors whose claim or claims equal that amount, may file a petition to have him adjudged a bankrupt . . . . .

**994**

case, the petitioner's attorney was told several times prior to the bankruptcy proceedings that there were more than thirty creditors. The court held that filing a petition with this knowledge amounted to fraud, "for one cannot affirm as of his own knowledge a thing to be true, intending it to be relied upon, if he suspects it to be false, without being guilty of fraud." *Id.* at 459.

In *In re Crofoot, Nielsen & Co.*, 313 F.2d 170, 171 (7th Cir. 1963), the court cited *Navison* and stated: "But if a single creditor files a petition with knowledge that the allegation (less than twelve creditors) is false, the petition will be dismissed as a fraudulent attempt to confer jurisdiction upon the court where none exists and intervention 'presumably' will be denied."

The case most analogous to the one at bar is *In re Security Motor Co.*, 51 F.Supp. 559 (W.D.Mo.1943). There, despite the fact that the number of creditors was greatly in excess of twelve, the court held that the petition was not filed in bad faith. The court's comments are pertinent:

> This is not the usual case of fraud and deceit. No one was deceived by the averment to his disadvantage. The law contemplated that it might not be true and still not justify adverse action against the petitioner. According to the admitted facts the alleged bankrupt is insolvent, and, moreover, while insolvent it committed an act of bankruptcy. It would follow that the creditors had a legal right to compel bankruptcy. *Id.* at 561.

Appellant claims that there was a violation of Bankruptcy Rule 911, which tracks Fed.R.Civ.P. 11, and that this amounts to bad faith or reckless conduct requiring a dismissal of the petition. The pertinent language of the rule provides:

> The signature of an attorney on any pleading, motion, or application served or filed in a bankruptcy case constitutes a certificate by him that he has read the paper; that to the best of his knowledge, information, and belief, there is good ground to support it; and that it is not interposed for delay or other improper purpose.

 We agree that the rule requires that a pleading or motion must be filed in good faith. It is up to the objector, however, to prove to the contrary and, here, there was no such proof. We note that appellant attempted to show that appellee knew. or should have known that there were twelve or more creditors through the testimony of George Bohas, but the bankruptcy judge excluded this evidence and no objection was taken.[2] There simply was no evidence that appellee knew or should have known that there were twelve or more creditors. *Under these facts, the applicable law requires that the order of the district court be affirmed.*

---

**2.** We do not imply that the evidentiary ruling was incorrect.