**In re RITE–CAP, INC., Debtor.**

**Bankruptcy No. BK–79–242.**

United States Bankruptcy Court,
D. Rhode Island.

Dec. 28, 1979.

Laurent C. Bilodeau, Woonsocket, R. I., for Rite-Cap, Inc.

Norman Orodenker, Providence, R. I., for Tecknor Apex, Co.

## MEMORANDUM OPINION

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on September 14, 1979 on the petition of Tecknor Apex, Co. to adjudicate Rite-Cap, Inc. an involuntary bankrupt, and Rite-Cap Inc.'s motion to dismiss the petition.

The facts in this case are undisputed. On July 20, 1979, Tecknor Apex Co. filed a

receivership petition against Rite-Cap in Rhode Island Superior Court, and a temporary receiver was appointed. On August 2, 1979, Tecknor Apex filed an involuntary bankruptcy petition against Rite-Cap, requesting that it be adjudicated a bankrupt. The act of bankruptcy alleged in Tecknor Apex's petition is that Rite-Cap had suffered the appointment of a state court receiver. On August 31, Rite-Cap filed its answer to the involuntary bankruptcy petition, and moved for dismissal on the ground that Tecknor Apex is estopped to act as a petitioning creditor because of its participation in the alleged act of bankruptcy.[1]

On September 6, 1979, shortly after Rite-Cap had filed its motion to dismiss, Long Mile Rubber Co. (through the same attorneys representing Tecknor Apex) filed a petition requesting that it be allowed to join in these proceedings as a petitioning creditor. The effect of allowing Long Mile to join in the involuntary bankruptcy petition would be to cure any defect arising from Tecknor Apex's state court participation in creating the act of bankruptcy. Rite-Cap objects to the joinder of Long Mile.

■ Section 59d of the Bankruptcy Act, and Bankruptcy Rule 104(e) which incorporates § 59d, sets forth the applicable rule for permitting joinder of petitioning creditors. Rule 104(e) provides that "creditors other than the original petitioners may join in an involuntary bankruptcy proceeding at any time before its dismissal." Creditors who are allowed to intervene in support of a petition under Rule 104(e) acquire the status of a petitioning creditor as of the date on which the original petition was filed. *See, Canute Steamship Co., Ltd. v. Pittsburgh & West Virginia Coal Co.*, 263 U.S. 244, 249, 44 S.Ct. 67, 68 L.Ed. 287 (1923).

■ Joinder of petitioners under Rule 104(e) is considered to be a matter of right where the original petition was filed in good faith, but is later found to be defec-

tive because of failure to meet the requirements of the Bankruptcy Act for filing an involuntary petition. *In re Crown Sportswear, Inc.*, 575 F.2d 991, 993 (1st Cir. 1978); *Guterman v. Parker*, 86 F.2d 546 (1st Cir. 1936). Section 59b of the Bankruptcy Act permits a single creditor to file an involuntary bankruptcy petition if its claim is at least $500, and if the debtor has fewer than twelve creditors. 11 U.S.C. § 95b. Rather than ordering dismissal of a petition, courts normally allow additional creditors to join in and cure the petition of any defects relating to the requisite number or qualification of creditors, or the aggregate amount of alleged debt. As the United States Supreme Court stated in *Canute Steamship Co., Ltd. v. Pittsburgh & West Virginia Coal Company*,

". . . where a petition for involuntary bankruptcy is sufficient on its face . . . and containing all averments essential to its maintenance, other creditors . . . who . . . intervene in the proceeding and join in the petition . . . are to be counted at the hearing in determining whether there are three petitioning creditors qualified to maintain the petition, it being immaterial whether the three qualified creditors joined in the petition originally or by intervention." *Supra*, 263 U.S. at 249, 44 S.Ct. at 68.

■ An essential prerequisite for allowing joinder of additional creditors to cure a defective petition is that the petition was filed initially in good faith. If the original petition was a sham, prepared with a view of being later supported by intervention of other creditors, joinder should be denied. *In re Crown Sportswear, Inc., supra*, at 994; *Pianta v. Reich Co.*, 77 F.2d 888, 891 (2nd Cir. 1935). For example, where the creditor bringing the involuntary petition affirmatively participated in the act of bankruptcy, and its participation can be imputed to other creditors who later seek to join in the proceeding under Rule 104(e), the petition will be dismissed, *In re DeGelleke Co., Inc.*,

1. Rite-Cap admitted in its answer that it had less than twelve creditors, but left "the amount

and extent of [its] debt to the Petitioner's proof." See 11 U.S.C. § 95b.

411 F.Supp. 1320 (E.D.Wis.1976); *In re Acorn Electric Supply, Inc.*, 339 F.Supp. 785 (E.D.Va.1972), and if the original petition is filed in bad faith and with knowledge of its falsity, it will be dismissed as a fraudulent attempt to confer jurisdiction on the court. *In re Crofoot, Nielsen & Co.*, 313 F.2d 170, 171 (7th Cir. 1963).

In the present case, it is clear that Tecknor Apex participated in the act of bankruptcy alleged in its petition, and is precluded from bringing an involuntary bankruptcy petition. The issue facing this court, however, is whether the original petition was made in bad faith so that Long Mile Rubber Co. should be prevented from joining as a qualified creditor and curing the petition. *See, Myron M. Navison Shoe Co., Inc. v. Lane Shoe Co.*, 36 F.2d 454, 459 (1st Cir. 1929). The burden of proof in demonstrating bad faith which would prevent the joinder of Long Mile in the involuntary bankruptcy petition rests with the objector—in this case Rite-Cap, Inc. Here, there is no *evidence* to support a determination that Tecknor Apex's original petition was filed in bad faith, notwithstanding its participation in the alleged act of bankruptcy. There are allegations of Machiavellian conduct and conclusory statements by counsel in oral argument on the motion, but no evidence on the point.

Assuming that Rite-Cap had proved that Tecknor Apex initiated the state court receivership with the express intention of creating an act of bankruptcy, later to be used as the basis for an involuntary bankruptcy petition, we disagree that this alone constitutes sufficient bad faith to warrant dismissal. The act of bankruptcy requirement itself, by denying bankruptcy court protection to creditors of often hopelessly insolvent debtors, forces such creditors to circumvent this requirement in order to protect their fading interests. *See e. g.,* Note, *Counting Creditors and Petitioning Creditors in Bankruptcy*, 48 Iowa L.Rev. 833 (1963). The new Federal Bankruptcy Code, 11 U.S.C. 101 et .seq., effective October 1, 1979, repealed the requirement of commission of an act of bankruptcy to support an involuntary bankruptcy petition, in recognition of the wasteful litigation and lengthy delays caused by this provision. See, *Report of the Commission on the Bankruptcy Laws of the United States*, H.R.Doc.No. 93–137, 93rd Cong., 1st Sess., 186–91 (1973). Because Rite-Cap failed to meet its burden of proof with respect to the presentation of any evidence which would support a finding that Tecknor Apex Inc. acted in bad faith, we conclude that Tecknor Apex acted in good faith in filing the involuntary bankruptcy petition. In the circumstances here, and in the absence of evidence to the contrary, we conclude that the conduct of the parties does not constitute bad faith so as to require dismissal of the involuntary petition.

Our position is consistent with the First Circuit Court of Appeals decision in *In re Crown Sportswear, Inc.*, in which the court stated:

> "[I]ntervention is a matter of right unless the bankruptcy court finds the petition was filed in bad faith for the purpose of improperly invoking its jurisdiction. *Good faith is presumed and the burden of showing bad faith rests on the alleged bankrupt or another interested party.*" *Supra*, at 993. (emphasis added.)

Accordingly, Long Mile Rubber Co. can properly join as a petitioning creditor in the involuntary bankruptcy petition. Rite-Cap's motion to dismiss the petition is denied.

The parties are directed to present a judgment in accordance with the terms of this decision for entry within ten (10) days.