In re Robert D. SHERET d/b/a Twin Pines Sport Shop, Debtor.

RELIANCE FUNDING CORPORATION, its assignees and/or successors in interest, Secured Creditor,

v.

Robert D. SHERET d/b/a Twin Pines Sport Shop and Conrad C. Tota, Trustee, Respondents.

No. CIV-86-888E.

Bankruptcy No. 83-12037M.

United States District Court, W.D. New York.

Aug. 7, 1987.

Lawrence Brown, Buffalo, N.Y., for secured creditor.

Mark A. Lillenstein, Delevan, N.Y., for respondent.

ELFVIN, District Judge.

The secured creditor, Reliance Funding Corporation ("Reliance"), has moved pursuant to 28 U.S.C. § 158 to vacate the sanctions portion of an order of the Bankruptcy Court, alleging that the Court failed to apply correctly Bankruptcy Rule 9011(a), and to vacate that portion of the Order denying its motion to lift the stay imposed pursuant to 11 U.S.C. § 362(a).

Bankruptcy Rule 9011 is a restatement of Fed.R.Civ.P. rule 11—*In re 1801 Restaurant, Inc.*, 40 B.R. 455, 457 (D.Md. 1984)—and, like rule 11, requires that every pleading, motion or other paper be signed by an attorney of record, or by the party himself if appearing *pro se*. Under the federal rule and its bankruptcy analogue, the signature confirms that the signer has read the document and "that to the best of his knowledge, information and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law * * * and that it is not interposed for any improper purpose * * *." *In re Usoskin*, 61 B.R. 869, 874 (E.D.N.Y. 1986); Bkrtcy. Rule 9011(a). The rule imposes an affirmative duty upon an attorney to conduct a reasonable inquiry into the viability and verity of the pleading before signing it. Subjective good faith does not provide a safe harbor against sanction. *Eastway Const. Corp. v. City of New York*, 762 F.2d 243, 253 (2d Cir.1985); *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 829 (9th Cir.1986). The reasonableness of the investigation should be determined by the existing circumstances at the time the pleading, motion or paper was submitted. What constitutes a reasonable inquiry may be determined by considering such factors as the amount of time available for investigation, reliance upon a client or another member of the bar for the facts, and the plausibility of the law used in the pleading. Advisory Committee Note of 1983, reprinted in 2A J. Moore, J. Lucas, *Moore's Federal Practice*, ¶ 11.01[4] at 11–4, 11–5.

On January 22, 1986 Reliance moved to lift the section 362(a) stay, premised upon the debtor's alleged failure to pay mortgage installments timely. Default for the months of November 1985, December 1985 and January 1986 was averred. The motion was returnable February 3, 1986 before the Honorable Beryl E. McGuire, United States Bankruptcy Judge. At this proceeding, the allegation concerning the November 1985 default was duly withdrawn by counsel, upon information supplied by Reliance January 16, 1986, four days prior to the motion's execution date (Tr. 9). Counsel further stated that, according to Reliance's records, the debtor was still in default for the months of December 1985 and January 1986 (Tr. 9). The record also indicates that counsel for the debtor admitted that the December 1985 payment was made on January 2, 1986 and had not cleared until after the motion's execution date and filing (Tr. 9–11). As to the January 1986 default, the debtor's counsel indi-

cated on the record that payment had been drawn January 24, 1986, two days after the motion's filing, and had not cleared at the time of the February hearing (Tr. 5). Counsel for Reliance noted that his client had informed him that as of January 29, 1986 payment had not been received for either December 1985 or January 1986 (Tr. 6). A second hearing was held on March 27, 1986. Reliance's counsel did not appear. At this hearing the Bankruptcy Court found that the motion papers were not well grounded in fact and violated Bankruptcy Rule 9011(a). Accordingly, the Court sanctioned Reliance, awarding $1,400.00 in attorney's fees to the debtor's counsel (Tr. 13–14).

The record in the instant case does not support the finding and attendant sanction imposed by the Bankruptcy Court. By admission of the debtor's counsel, neither the December 1985 nor the January 1986 payment had cleared until after the motion's execution and filing (Tr. 5, 9–11). The alleged November default is more problematic. Because Reliance's counsel had received notification of payment prior to the motion's date of execution (Tr. 9), the allegation of default for November is a defect in the moving papers; however, such defect is not sufficient to render the motion the type of baseless action intended to fall within the Rule's purview. The federal rule "and its bankruptcy equivalent is intended to discourage dilatory or abusive tactics and help streamline the litigation process by lessening frivolous claims or defenses." *See* Advisory Committee Note, *supra,* ¶ 11.01[4] at 11–5. Further, a court must look to the pleading or motion as a whole when attempting to determine the propriety of sanctions. *Martinez, Inc. v. H. Landau & Co.,* 107 F.R.D. 775, 778 (D.C.Ind. 1985). The record indicates that the December 1985 and January 1986 allegations of default were accurate at the time of the motion's execution and that the pleading as a whole was well grounded in fact and based upon knowledge, information and belief formed after reasonable inquiry under the circumstances. Additionally, there is no indication in the record that

Reliance's motion was interposed for vexations or improper purposes.

Reliance's counsel further contends that the motion in fact was not dismissed by the Bankruptcy Court. Reliance contends that, in view of the record of proceedings had at the February and March hearings, there was no indication that the Court dismissed the motion, although it signed the Order as though such relief had been both requested and granted. *See,* Brief of Reliance at 15. Implicit in the record of these proceedings is the notion that, once late payment had been accepted by Reliance and the default cured, there were no grounds upon which to grant Reliance's request for a lifting of the stay. *See, e.g.,* Tr. 9, February 3, 1986 hearing. Hence, the Bankruptcy Court was justified in denying the motion under these circumstances.

Accordingly, it is hereby ORDERED that the sanctions portion of the Order of the Bankruptcy Court is reversed, and that the denial of the secured creditor's motion is affirmed.