**In re Raymond J. KEARNEY, Sr., Debtor.**

**Bankruptcy No. 90–1794–8P7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Nov. 9, 1990.

David W. Steen, for petitioning creditor.

Joe Castello, Raymond J. Kearney, Sr., for debtor.

ORDER ON DEBTOR'S VERIFIED MOTION FOR RELIEF UNDER 11 U.S.C. § 303(i) OR BANKRUPTCY RULE 9011

ALEXANDER L. PASKAY, Chief Judge.

THIS IS an involuntary Chapter 7 case filed pursuant to Section 303 of the Bankruptcy Code by Robert F. Caravella (Caravella) against Raymond J. Kearney, Sr. (Kearney). The matter under consideration is a Motion filed by Kearney who seeks to recover, pursuant to Section 303(i)(1)(A) or (B) of the Bankruptcy Code, costs and reasonable attorneys fees. In addition, Kearney also seeks to recover, pursuant to Section 303(i)(2)(A) or (B), damages, including punitive damages, proximately caused by

the filing, on the basis that the involuntary Petition was filed in bad faith. In the alternative, Kearney seeks the imposition of sanctions pursuant to Bankruptcy Rule 9011, although the Motion fails to specify against whom Kearney seeks the imposition of sanctions.

The underlying facts which are relevant to the issues raised by the Motion are basically without dispute and, as appear from the record, are as follows:

On February 28, 1990, Caravella filed an involuntary Petition against Kearney alleging 1) that he holds a valid claim against Kearney represented by an amended final judgment entered by the Circuit Court for Hillsborough County, Florida, on April 7, 1988 (Caravella's Exh. No. 1); 2) that Kearney has less than twelve creditors; 3) that Kearney is eligible to be a debtor under Chapter 7; and 4) that Kearney does not generally pay his debts as they become due, and for these reasons, Caravella is entitled to the entry of an order for relief pursuant to Section 303(h) of the Bankruptcy Code. The Petition was verified by Caravella, who stated under oath that the statements set forth in the Petition were true, and was signed by David W. Steen, as counsel of record for Caravella.

On March 21, 1990, Kearney filed a Motion to Dismiss which, inter alia, set forth a detailed list of 22 creditors of Kearney. In addition to challenging the involuntary Petition for formal defects, the Motion alleged that Caravella has no valid claim against Kearney and, therefore, Caravella has no standing to institute and maintain an involuntary Petition against Kearney. On April 17, 1990, Kearney filed a Motion and sought retention of jurisdiction for the limited purpose of considering imposition of sanctions against Kearney in the event he is successful on his Motion to Dismiss pursuant to Section 303(i) or Bankruptcy Rule 9011 on the basis that the Petition was filed in bad faith. On May 31, 1990, this Court entered an Order and retained jurisdiction for the limited purpose of determining whether or not Kearney is entitled to any relief under Section 303(i) Bankruptcy Rule 9011, or both.

The Motion To Dismiss was heard in due course. At the conclusion of the hearing, this Court entered an Order on April 30, 1990, and granted the Motion and dismissed the involuntary Petition based on finding that Caravella was not a creditor of Kearney because he was not a holder of a valid claim against Kearney, therefore, he had no right to maintain and prosecute an involuntary case pursuant to § 303 against Kearney. This finding was based on the amended final judgment which purported to support the claim of Caravella which, in this Court's judgment, indicated on its face that the final judgment was not entered in favor of Caravella, individually, but instead was entered in favor of Daybreak Homes, Inc., a corporation in a derivative action brought by Caravella as a stockholder on behalf of the corporation. (Caravella's Exh. No. 1).

On the date of the hearing on the Motion presently under consideration, Caravella filed a Motion for Relief from Order Granting Debtor's Motion To Dismiss, alleging that by virtue of an Order Awarding Attorney's Fees and Costs entered by the Circuit Court for Hillsborough County, Florida, on September 9, 1988 (Caravella's Exh. No. 2), in the derivative action suit, Caravella is, in fact, a creditor of Kearney and, therefore, this Court's Order dismissing the involuntary Petition was in error.

While Caravella's Motion will be addressed by a separate Order of this Court, it should be noted that this belated argument is without merit. The Order Awarding Attorney's Fees and Costs provides that Caravella "is awarded attorney's fees ... and taxable costs ... which amount shall first be paid to the Plaintiff out of the monies collected from [Kearney], under the Amended Final Judgment ... on behalf of [Caravella] and all other shareholders of Daybreak Homes, Inc." Despite the poor drafting of this Order, one must conclude that the Order did not direct Kearney to pay any fees and costs to Caravella at all. On the contrary, this Order did not adjudge that Caravella had become a holder of a claim against Kearney as of the date of the filing of the involuntary Petition.

Turning to the relief sought and the matter under consideration, it is the contention of Kearney that he is entitled to the relief he seeks under 11 U.S.C. § 303(i), Bankruptcy Rule 9011, or both, for three separate reasons.

■ First, it is the contention of Kearney that because he was successful to defeat the involuntary case instituted against him by Caravella, he is entitled to be reimbursed for costs and attorney fees pursuant to § 303(i)(1)(A) or (B). In support of this contention, Kearney points out that Caravella embarked, without justification, on an extensive discovery process into the Debtor's personal and business affairs after the entry of the Amended Final Judgment in an effort to collect the judgment, even though he very well knew that Kearney had no personal liability to Caravella and had no assets which could have been subjected to execution and levy to satisfy the Amended Final Judgment to begin with.

Second, Kearney contends that he incurred costs and reasonable attorneys fees in the amount of $7,785.50 in connection with the legal services he was required to obtain in order to defeat the Involuntary Petition. Third, Kearney contends that "since he has not otherwise sustained any provable actual damages, punitive damages are the only meaningful compensation and deterrent for the foregoing course of conduct by Caravella." [sic]

The relief sought by Kearney is based initially on Section 303(i)(1) and (2) which in pertinent part provides as follows:

If the court dismisses a petition under this section, other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the Court may grant judgment

(1) against the petitioners and in favor of the debtor for—

(A) costs; or

(B) a reasonable attorney's fee; or

(2) against any petitioner that filed a petition in bad faith, for

(A) any damages proximately caused by such filing; or

(B) punitive damages.

Even a cursory reading of this Section indicates that it authorizes the imposition of sanctions against a petitioning creditor and in favor of a debtor for damages proximately caused by the filing of the involuntary Petition. To constitute proximate cause, there must be a "reasonably close causal connection between the conduct and the resulting injury." *Miller–Schmidt v. Gastech, Inc.*, 864 F.2d 1181, 1184 (5th Cir.1989). Therefore, under § 303(i), "proximate cause is the ... negligent act that actively aids in producing the injury as a direct and existing cause." *George v. Brandychase Limited Partnership*, 841 F.2d 1094, 1096 (11th Cir.1988).

While it is clear that abusive discovery may give rise to an award of damages under Section 303(i)(2)(A) if proximately caused by a bad faith involuntary filing, *In re Tarasi & Tighe*, 88 B.R. 706 (Bankr.W.D.Pa.1988), the discovery must occur after the filing of the involuntary Petition. Therefore, it is evident that only unwarranted discovery conducted post-filing would be proximately caused by the filing and nothing which occurred prior to the commencement of the involuntary case would be compensable. Since there is no evidence in this record which indicates that any discovery took place subsequent to the filing of the involuntary Petition, the Debtor is not entitled to any damages under Section 303(i)(2)(A) for the prepetition alleged abuse of discovery practices.

■ Kearney also seeks sanctions for the $7,785.50 in costs and attorney fees he was compelled to incur for legal services to defend against the involuntary Petition. While courts are not generally uniform in interpreting Section 303(i), some take the position that the award of costs and attorneys fees is mandatory if the involuntary case is dismissed. *In re Howard, Neilsen & Rush, Inc.*, 2 B.R. 451 (Bkrtcy.M.D.Tenn. 1979); *In re Advance Press & Litho, Inc.*, 46 B.R. 700 (D.C.Colo.1984). Others, which appear to take what this Court considers to be the preferred view, hold that the award of costs and attorneys fees, even if the

involuntary is dismissed, is not mandatory, but instead is within the discretion of the Court. *In re Anderson,* 95 B.R. 703 (Bankr.W.D.Mo.1989). It should be noted, however, that a finding of bad faith is not necessary to an ·award of attorney's fees and costs to the prevailing debtor under Section 303(i)(1)(A). *In re Advance Press & Litho, Inc., supra; see also, In re Tarasi & Tighe, supra.*

In the instant case, counsel for Kearney filed an itemized statement of his services dating back to October 30, 1989, up to and including June 18, 1990. In light of the fact that this involuntary Petition was filed on February 28, 1990, it is self-evident that although Kearney should be compensated for attorneys fees and costs incurred post-petition, he cannot be compensated for attorneys fees incurred prior to the commencement of the case. For this reason, the award of attorneys fees should be limited to the sum of $6,920.50 which relates to services rendered by the attorney for Kearney post-petition.

■ Finally, as noted earlier, Kearney seeks the imposition of punitive damages on the ground that "he has suffered no other actual damages thus the only meaningful compensation and deterrent for the course of conduct of Caravella would be an award for punitive damages." The award of punitive damages permitted under section 303(i)(2)(B) is governed not by ordinary principles governing punitive damages under local law, but by the case law of bankruptcy courts interpreting the bad faith concept which is a prerequisite for the award of. punitive damages under this section.

■ It is axiomatic that a presumption exists that the party filing an involuntary Petition is acting in good faith. *Basin Electric Power Cooperative v. Midwest Processing Co.,* 769 F.2d 483 (8th Cir.1985), *cert. denied,* 474 U.S. 1083, 106 S.Ct. 854, 88 L.Ed.2d 894 (1986). Furthermore, in seeking punitive damages, the Debtor bears the burden of proving bad faith by a preponderance of the evidence. *In re CLE Corporation,* 59 B.R. 579 (Bankr.N.D.Ga. 1986); *United States Fidelity & Guaranty*

*Co. v. DJF Realty & Suppliers, Inc.,* 58 B.R. 1008 (N.D.N.Y.1986). To determine whether this involuntary Chapter 7 Petition has been filed in bad faith, this Court must apply the standard for imposing sanctions pursuant to Bankruptcy Rule 9011. *In re Turner,* 80 B.R. 618 (Bankr.D.Mass.1987); *In re Alta Title Co.,* 55 B.R. 133 (Bankr.D. Utah 1985).

■ Considering first whether or not this involuntary Petition was filed in bad faith, this Court is satisfied that where one who claims to be a creditor of a debtor, but in fact is not, both counsel who filed the Petition and the petitioning creditor would be subject to sanctions pursuant to Bankruptcy Rule 9011. As noted earlier, Caravella's alleged claim against Kearney was based on the Amended Final Judgment, a cursory reading of which indicates at first blush that the judgment was entered in favor of Day Break Homes, Inc. and not in favor of Caravella, who filed the lawsuit against Kearney merely as a shareholder on behalf of Day Break Homes, Inc. Thus, the Amended Final Judgment clearly did not determine any legal liability of Kearney to Caravella at all. However, a closer reading of the Amended Final Judgment creates a reasonable doubt regarding the effect of the Amended Judgment because of its confusing language. This is so because it provides, inter alia, that it was entered in favor of Caravella "acting on his own behalf and on behalf of all other shareholders of Day Break Homes, Inc., for use and benefit of Day Break Homes, Inc. who shall recover from Kearney damages in the amount of $215,000."

Based on the foregoing, applying the subjective standard of Bankruptcy Rule 9011, it cannot be said that the filing of the involuntary Petition was utterly without justification. However, an objective evaluation of the Amended Final judgment should have clearly indicated to counsel that in spite of the confusing language of the judgment, the Circuit Court never intended to impose a personal liability on Kearney in favor of Caravella.

One other point warrants consideration. In his Motion To Dismiss, Kearney assert-

ed that Caravella did not have standing to institute and maintain an involuntary Petition against the Debtor under § 303(b) because there were twelve or more holders of claims against the Debtor. Generally, where a petitioning creditor knows that a debtor has twelve or more creditors, but nevertheless individually files a petition for involuntary liquidation, there is *prima facie* evidence that the Petition was filed in bad faith. *Basin Electric Power Cooperative v. Midwest Processing Co., supra.* A presumption of bad faith is warranted because, if present, there is a fraudulent attempt to confer jurisdiction on the bankruptcy court. *Myron M. Navison Shoe Co., Inc. v. Lane Shoe Co.*, 36 F.2d 454, 459 (1st Cir.1929); *In re Crofoot, Nielson & Co.*, 313 F.2d 170, 172 (7th Cir.1963). Therefore, where a petitioning creditor has actual knowledge that a debtor has greater than twelve creditors, the filing of an involuntary Petition solely on behalf of the petitioning creditor under § 303(b)(2)(A) or (B) warrants a finding that the filing was made in bad faith.

In the instant case, the Debtor's Motion for Relief under § 303(i) or Bankruptcy Rule 9011 does not allege that Caravella had actual knowledge that the Debtor had more than twelve creditors, nor is there any evidence in the record to establish actual knowledge on the part of Caravella. Therefore, no punitive damages can be awarded pursuant to § 303(i)(2)(B). However, this conclusion does not preclude the imposition of sanctions pursuant to Bankruptcy Rule 9011.

Bankruptcy Rule 9011, entitled "Signing and Verification of Papers" provides that:

The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause delay or increase the cost of litigation.

If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

This Rule is an adaptation of Federal Rule of Civil Procedure 11 with some modification. Thus, cases interpreting the standard required by Fed.R.Civ.P. 11 are persuasive when one considers the appropriate standard to be used in conjunction with Bankruptcy Rule 9011.

First, it is a generally accepted proposition that there is a definite duty to conduct a reasonable inquiry as to the factual basis asserted by the party who signed the particular document. Second, it is also generally accepted that the standard to be applied is objective, rather than subjective, and the subjective good faith of an attorney is no excuse. *In re D.C. Sullivan Co., Inc.*, 843 F.2d 596 (1st Cir.1988); *see Thomas v. Capital Security Services, Inc.*, 812 F.2d 984 (5th Cir.1987), on *reh., en banc, Thomas v. Capital Security Services*, 822 F.2d 511 (5th Cir.1987), 836 F.2d 866 (5th Cir.1988) (*en banc*); *INVST Financial Group, Inc. v. Chem–Nuclear Systems, Inc.*, 815 F.2d 391, 401 (6th Cir.1987), *cert. den.*, 484 U.S. 927, 108 S.Ct. 291, 98 L.Ed.2d 251 (1987); *Eastway Const. Corp. v. City of New York*, 762 F.2d 243 (2d Cir.1985).

As stated by the District Court in the case of *Robert D. Sheret, d/b/a Twin Pines Sport Shop*, 76 B.R. 935, 936 (W.D. N.Y.1987), "[s]ubjective good faith does not provide a safe harbor against sanction." The reasonableness of the investigation should be determined by the existing circumstances at the time the pleading or motion is submitted.

In the present instance, there is hardly any doubt that even a cursory inquiry would have revealed that Kearney has more than twelve creditors. Thus, as a

matter of law, the involuntary case could not have been maintained against Kearney by Caravella alone. The situation is further aggravated by the fact that in the present instance, Caravella attempted to conduct extensive discovery after the entry of the Amended Final Judgment against Kearney and certainly knew, or if he did not, should have discovered, that Kearney has more than twelve creditors. The fact remains that even a minimal inquiry would have revealed that before an involuntary case could be maintained against Kearney, there will have to be three eligible creditors to join in the involuntary Petition. This being the case, this Court is satisfied that whether or not Caravella or his counsel acted in good faith is of no consequence. By applying the objective standard discussed in the cases cited, the mandate of Bankruptcy Rule 9011 has clearly been violated and for this reason, the imposition of sanctions is appropriate. In this instance, the Petition was signed by Caravella himself and also by his attorney. Thus, both of them violated the certification rule required by Bankruptcy Rule 9011. Since once this Court determines that a violation of Bankruptcy Rule 9011 has occurred, the imposition of sanctions is mandatory; therefore, the request by Kearney for imposition of sanctions pursuant to Bankruptcy Rule 9011 is well taken and should be granted.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion is granted to the extent it seeks compensation for attorney's fees and costs pursuant to 11 U.S.C. § 303(i)(1), and Kearney is entitled to the entry of a Judgment in his favor and against Caravella, in the amount of $6,920.50, representing costs and reasonable attorney's fees incurred as a result of the filing of the involuntary Petition. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Impose Sanctions pursuant to Bankruptcy Rule 9011 against David Steen, Esq., and Robert F. Caravella is granted and sanctions shall be imposed jointly and severally on both in the amount of $600.00 which shall be paid to Kearney within thirty (30) days from the date of the entry of this Order. It is further

ORDERED, ADJUDGED AND DECREED that in the event there is no compliance with this Order, the Court will consider further steps to insure the obedience and compliance with the provisions of this Order.

DONE AND ORDERED.