In re Brett C. MUSCATELL, Debtor.

**BARNETT BANK OF TAMPA, N.A., Plaintiff,**

v.

**Brett C. MUSCATELL, Defendant.**

**Bankruptcy No. 88–2760–8P7.
Adv. No. 88–0152.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 28, 1990.

William Knight Zewadski, Patricia J. O'Doran, Tampa, Fla., for plaintiff.

Richard S. Agster, Tampa, Fla., for defendant.

## ORDER ON MOTION FOR SANCTIONS AGAINST DEBTOR'S/DEFENDANT'S ATTORNEY

ALEXANDER L. PASKAY, Chief Judge.

THIS IS the aftermath of a long and bitter fight between Barnett Bank of Tampa, N.A. (Barnett), and Brett C. Muscatell (Debtor) which culminated in the entry of a Findings of Fact, Conclusions of Law and Memorandum Opinion and a Final Judgment in the above-captioned adversary pro-

ceeding. The Final Judgment was in favor of the Debtor on Counts I and II of the Complaint, and in favor of Barnett on Count III. Additionally, the Final Judgment denied the Debtor's discharge pursuant to Section 727(a)(4) of the Bankruptcy Code.

The present matter under consideration is a Motion filed by Barnett seeking the imposition of sanctions against counsel of record for the Debtor, Richard S. Agster, pursuant to 28 U.S.C. § 1927, Fed.R.Civ.P. 11, Bankruptcy Rule 9011, and "under general equitable powers of the Court." In its Motion, Barnett contends that Mr. Agster violated 28 U.S.C. 1927 and the two rules cited above, and that this Court is therefore is required to sanction Mr. Agster by ordering him to reimburse Barnett its costs, expenses and attorney fees associated with the prosecution of this adversary proceeding. The amount sought by Barnett is $137,452.61.

In support of the Motion for Imposition of Sanctions, Barnett relies on the entire record of this adversary proceeding, as well as the records of the general case and of the adversary proceeding instituted by the Trustee of the estate which is currently pending before the Honorable Thomas E. Baynes, Jr. Barnett requested that this Court take judicial notice of all of these records. Barnett specifically relies on 29 docket entries in this adversary proceeding, twelve of which are orders entered by this Court, and one of which is a Motion filed by Barnett. Neither the Court Orders nor Barnett's Motion are relevant to the matter under consideration for the simple reason that these documents were not signed by Mr. Agster. This leaves for consideration sixteen specific pleadings and other filings actually signed by Mr. Agster.

The underlying factual scenario which was the crux of the controversy between Barnett and the Debtor is set forth in a three-count complaint. In Count I, Barnett charged that the Debtor transferred several valuable properties within one year of filing bankruptcy with the intent to delay or defraud creditors. The claim in Count II charged that the Debtor failed to adequately explain the disappearance of his assets. The claim in Count III charged that the Debtor, in connection with his case, committed perjury by making materially false statements. As noted earlier, Barnett prevailed only on Count III of the Complaint.

■ In arguing that it is entitled to sanctions because of Mr. Agster's conduct, Barnett relies on the Defendant's Answer to the Complaint filed by Barnett. This Answer, signed by Mr. Agster contains the customary admissions and general denials. However, it does not contain any inaccurate or false factual allegations. Obviously, answers signed by Mr. Agster cannot support a Motion for Sanctions. With two exceptions, the balance of the filings signed by Mr. Agster all pertain to an extensive, and at times bitterly fought, discovery process conducted by both counsel. A review of those documents indicates that they equally do not warrant the imposition of sanctions.

■ The remaining documents Barnett complains about include a Motion for Summary Judgment (Document # 164) and a Response to the Plaintiff's Motion for Summary Judgment (Document # 214). The Motion for Summary Judgment mainly recites events that occurred and summarizes information contained in various affidavits. This Court is unable to find in this document any statements that are not well-grounded in fact, and the document does not contain legally untenable arguments. Clearly, this document cannot support a Motion for Sanctions. Document # 214 (Plaintiff's Response to the Motion for Summary Judgment) includes two statements that can be characterized as not "warranted by existing law" and lacking in a "good faith argument for the extension, modification, or reversal of existing law." In the Response, Agster contends that the Debtor's disability income is not income and that assets in joint accounts with the Debtor's spouse are not assets of the estate and, therefore, the Debtor did not have to disclose the disability income or the assets held in joint accounts on his schedules.

298

■ The statutory basis for imposition of sanctions relied on by Barnett is 28 U.S.C. § 1927, which provides as follows:

Any attorney or other person admitted to conduct cases in a Court of the United States or any Territory thereof who so multiplies the proceeding in any case unreasonably and vexatiously may be required by the Court to satisfy personally the excess costs, expenses and attorney fees reasonably incurred because of such conduct.

A review of the Legislative History of Section 1927 indicates that Congress intended that this Section be used to punish attorneys who delayed ongoing litigation by engaging in dilatory practices. *House Conference Report No. 96–1234, 96th Congress 2d Session, Reported in 1980 U.S.Code Cong. and Admin.News 2716 at 2782.*

This adversary proceeding, which was commenced in May, 1988, was ultimately tried in November, 1989 after several continuances sought by both Barnett and the Debtor. It is appropriate to note that this seemingly simple adversary proceeding contains 262 docket entries and comprises seven volumes of files. It is also notable that many of these documents were filed by Barnett. Based on the record, it is very difficult, if not impossible, to infer that the Debtor's counsel alone multiplied the proceeding unreasonably and vexatiously. On the contrary, this record is not devoid of support to conclude that this inordinate amount of paperwork and the attendant delay concerning this litigation was just as much due to the conduct of counsel for Barnett as it was due to the conduct of Mr. Agster. Therefore, this court is satisfied that it is inappropriate to sanction counsel for the Debtor based on 28 U.S.C. § 1927.

■ The next ground urged by Barnett for the imposition of sanctions is based on Fed.R.Civ.P. 11. It should be noted at the outset that Fed.R.Civ.P. 81 provides that the Rules of Civil Procedure do not apply to any "proceeding" in bankruptcy, except insofar as they may be made applicable by the Rules promulgated by the Supreme Court of the United States governing practice and procedure in Bankruptcy. Fed.R.

Civ.P. 11, unlike some other civil rules, have not been adopted by the Bankruptcy Rules, but *replaced* by Bankruptcy Rule 9011. Therefore FRCP 11 furnishes no basis for imposition of sanctions. This leaves for consideration the claim of Barnett for imposition of sanctions based on Bankruptcy Rule 9011.

Bankruptcy Rule 9011 contains many of the features of Fed.R.Civ.P. 11; however, it also includes significant provisions which are not present in Fed.R.Civ.P. 11. For example, Bankruptcy Rule 9011(a) does not apply to lists, schedules or statement of financial affairs, statement of executory contracts, statement of intention and Chapter 13 Statements, or to any amendments to these documents.

■ In the present instance, Barnett urges that the Debtor failed to schedule and reveal certain transfers on his statement of financial affairs and that he failed to disclose certain properties which were properties of the estate on his schedule of assets, all on advice of Mr. Agster. From the foregoing, it is quite evident that since neither the statement of financial affairs nor the schedules were signed by Mr. Agster, none of these omissions, even if Barnett's claims are true, would provide a basis for the imposition of sanctions on Mr. Agster pursuant to Bankruptcy Rule 9011.

■ This leaves for consideration whether or not sanctions could be imposed on Mr. Agster for signing any other documents in violation of the certification requirement of Bankruptcy Rule 9011. The only other document filed by Mr. Agster which arguably may form the basis for the imposition of sanctions, is Document #214, the Response to the Plaintiff's Motion for Summary Judgment. In that response, counsel for the Debtor stated the following:

(1) Paragraph 9(b) alleges a failure to disclose the receipt of disability payments as a result of an accident. Defendant's position is that such funds are not income, any more than Workman's Compensation or Social Security payments are income.

(2) In paragraph 9(b) Plaintiff alleges the nondisclosure of certain joint banking accounts. It was the Defendant's position that these joint accounts are not assets of the bankruptcy estate.

In essence, Barnett urges that Mr. Agster took the untenable legal position that properties owned by the Debtor and his wife as tenants by the entireties are not properties of the estate and therefore did not have to be listed on the Debtor's schedule of assets. Mr. Agster also took the position that when the Debtor transferred individually owned assets to himself and to his wife as tenants by the entireties, the properties transferred did not constitute properties of the estate and, therefore, did not have to be listed on the Schedules of Assets. Lastly, Mr. Agster insisted throughout this adversary proceeding that the Debtor's disability income also was not property of the estate and, therefore, it did not have to be scheduled as an asset of the Debtor. According to Barnett, none of these positions are supported by law, and Mr. Agster's insistence on stating these in his Response was a violation of Bankruptcy Rule 9011 which warrants the imposition of sanctions.

These statements set forth in Document No. 214 certainly present a much stronger case for the imposition of sanctions. It cannot be argued in good faith that these propositions urged by Mr. Agster are warranted by existing law, or that a good faith argument can be made for the extension, modification, or reversal of existing law. In both instances, the position taken by Mr. Agster was contrary to the most elementary, well-established bankruptcy principles, and no competent attorney could argue otherwise in light of volumes of court decisions interpreting Section 541 of the Bankruptcy Code to the contrary. Although Mr. Agster cannot be sanctioned for anything included or excluded on the Debtor's schedule or statement of affairs, under Bankruptcy Rule 9011, he can certainly be sanctioned for his statements in Document # 214, the Response to the Plaintiff's Motion for Summary Judgment.

The standard for determining whether sanctions are appropriate involves an objective question of reasonableness. *Zaldivar v. City of Los Angeles*, 780 F.2d 823 (9th Cir.1986). An attorney must make a reasonable inquiry into both the factual and legal basis for claims and defenses asserted. *Brown v. Nat'l Board of Medical Examiners*, 800 F.2d 168 (7th Cir.1986). This Court is satisfied that even minimum research performed by Mr. Agster would have revealed that this position was completely without legal support. His failure to make that determination warrants sanctions. The only matter left to consider is what sanctions are appropriate under these circumstances.

Rule 9011(a) clearly provides that an attorney who violates Rule 9011 *shall* be sanctioned. However, the Court has great discretion in choosing the sanctions that are imposed. *Westmoreland v. CBS, Inc.*, 770 F.2d 1168, 1175 (D.C.Cir.1985). Among the sanctions from which the Court may choose are the following:

1. A private or public reprimand;
2. Mandatory continuing legal education;
3. A fine;
4. An award of reasonable expenses including reasonable attorney's fees, incurred as a result of the misconduct;
5. Reference of the matter to the appropriate attorney disciplinary or grievance authority;
6. An order precluding the introduction of certain evidence;
7. An order precluding the litigation of certain issues;
8. An order precluding the litigation of certain claims or defenses;
9. Dismissal of the action;
10. Entry of a default judgment;
11. Injunctive relief limiting a party's future access to the Court;
12. Censure, suspension or disbarment from practicing before the forum court, subject to applicable rules or statutes;

*In re Omega Trust*, 110 B.R. 665 (Bkrtcy. S.D.N.Y.1990).

In this case, the last two types of sanctions are far too severe. Furthermore, sanctions that have an effect on ongoing litigation are inappropriate in light of the fact that this adversary proceeding is now completed. In sum, only the first five types of sanctions may be appropriate in the present instance.

The purpose of sanctions is both to deter abusive practices and to compensate the offended party. *Thomas v. Capital Sec. Services, Inc.*, 836 F.2d 866, 877 (5th Cir.1977); *Lieb v. Topstone Industries, Inc.*, 788 F.2d 151 (3rd Cir.1986). However, sanctions that are compensatory in nature must be causally related to the additional fees and costs which were incurred by a litigant as a result of the offending conduct. *Weisman v. Rivlin*, 598 F.Supp. 724 (D.D.C.1984).

Barnett complained of only three more documents which were filed after Document # 214: a Court Order; the Court's Findings of Fact, Conclusions of Law and the Memorandum Opinion; and the Final Judgment. Of course, none of these were signed by Mr. Agster and, therefore, they cannot support a Motion for Sanctions. In sum, any sanctions under Bankruptcy Rule 9011 which may be awarded to Barnett must be limited to the cost and expenses incurred by Barnett which were directly caused by Mr. Agster's Response to the Motion for Summary Judgment.

This Court is satisfied that it is appropriate to sanction Mr. Agster $750.000 to compensate Barnett for the portion of its expenses in bringing this Motion for Sanctions that can be attributed to Document # 214. In addition, it is also appropriate to publicly reprimand Mr. Agster for repeatedly advancing legal propositions that are clearly not supported by the existing law and that lack a good faith argument for the extension, reversal or modification of existing law. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Impose Sanctions filed by Barnett Bank of Tampa be, and is hereby, granted in part and denied in part. It is further

ORDERED, ADJUDGED AND DECREED that Mr. Agster be, and the same is hereby, ordered, within ten (10) days from the entry of this Order, to remit the sum of $750.00 to counsel for Barnett Bank of Tampa, N.A.

DONE AND ORDERED.