In re Michael S. JERRELS, and Cecelia S. Jerrels a/k/a Cecelia S. Hall, Debtors.

Bankruptcy No. 91–617–8P3.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 25, 1991.

Mark D. Jasperson, Tampa, Fla., for debtors.

Chris Larimore, Bradenton, Fla., trustee.

## ORDER IMPOSING SANCTIONS FOR VIOLATION OF BANKRUPTCY RULE 9011

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 13 case and the matter under consideration involves the alleged violation of Bankruptcy Rule 9011 by Mark D. Jasperson (Mr. Jasperson), the President of The Florida Legal Group, P.A. (Legal Group) and counsel of record for Michael S. Jerrels and Cecelia S. Jerrels (Debtors), the debtors involved in this Chapter 13 case. The matter before this Court is by virtue of an Order To Show Cause which ordered Mr. Jasperson to appear before the Court and show cause, if he had any, why he should not be sanctioned for an alleged violation of Bankruptcy Rule 9011. Although the Order To Show Cause was not directed to, nor did it mention Ms. Cheryl Marie Brittle (Ms. Brittle), an employee of the Legal Group, the record reveals that she actively participated in the representation of these Debtors and did appear at the Order To Show Cause hearing and stated her position and contact she claimed to have had with these Debtors to the extent that appeared to be relevant to the matters under consideration.

The Court considered the record and statements of Mr. Jasperson and Ms. Brittle, together with the testimony of both Mr. and Mrs. Jerrels, and now finds and concludes as follows.

On January 18, 1991, Mr. Jasperson filed, as counsel of record, a joint Petition For Relief on behalf of Mr. and Mrs. Jerrels under Chapter 13 of the Bankruptcy Code. The Petition was signed by Mr. Jasperson

as attorney for the Petitioners and was also verified under oath and appeared to carry the signatures of both Mr. and Mrs. Jerrels. On the same date, Mr. Jasperson filed with the Court a statement to the effect that he had informed both *Mr. and Mrs. Jerrels* (emphasis supplied) that they may proceed under Chapter 7, 11, 12 or 13 under the Bankruptcy Code and that he explained to *them* (emphasis supplied) the relief available under each Chapter.

At the duly scheduled meeting of creditors called pursuant to § 341 of the Bankruptcy Code, Mr. Jerrels did not appear, although Mrs. Jerrels did appear. Nearly three months after the meeting of creditors, Ms. Brittle filed a Motion and sought an Order excusing the Debtor, Mr. Jerrels, from appearing at the meeting of creditors. In support of the Motion, Ms. Brittle stated as a justification for Mr. Jerrels' failure to appear that Mr. Jerrels received an emergency call from his employer on the day of the § 341 meeting and had to report to work immediately. On September 7, 1991, this Court entered an Order and denied the Motion. On September 24, 1991, Mr. Jerrels filed a hand-written statement with this Court in which he asserted that he did not sign the Petition for Relief under Chapter 13; that he did not authorize Mr. Jasperson to file a Petition on his behalf. Based on his assertion, this Court issued an Order To Show Cause in order to inquire into this matter.

At the Order To Show Cause hearing Mr. Jerrels appeared and categorically denied that the signatures on the documents filed in this case, which purported to be his are not, in fact his and they have been forged, and that he did not authorize anyone to sign his name. It is clear, and in fact it has been admitted by Mrs. Jerrels, that she signed her husband's name to the Petition and to the other documents filed in this case. In addition, Mr. Jerrels testified that he never met Mr. Jasperson, had never spoken to him, and that he had never even been in Mr. Jasperson's office. He also testified that he never had any contact with or talked to Ms. Brittle, contrary to Ms. Brittle's statement who claimed that she spoke to him on the telephone. He also claimed that he never had an emergency call from his employer, Kash'n'Karry, and that he was available at all times and always could be contacted at his place of work and certainly could have taken the time off from work at the warehouse of Kash'n'Karry if it appeared to be necessary to support his Petition, which he denies he ever intended to file. Lastly, he denied categorically that he authorized Mr. Jasperson to file a Chapter 13 Petition on his behalf.

Mr. Jasperson concedes that while he signed the Petition as counsel of record and signed the statement that he advised the Petitioners, including Mr. Jerrels, of the alternative remedies available under the Bankruptcy Code, the matter of filing the Petition was of great urgency because the Debtors' home was about to be lost at a foreclosure sale. Further, Mr. Jasperson stated that he assumed that Mrs. Jerrels, who came to the office, had the authority to sign on behalf of her husband and that Mr. Jasperson was entitled to rely on that representation and was justified to accept that the purported signature of Mr. Jerrels was, in fact, his signature, notwithstanding the fact that he now concedes, in retrospect, that he had no solid basis for his reliance on Mrs. Jerrels representations.

The attorney's duty to make a reasonable inquiry and the requirement for mandatory imposition of sanctions are found in Bankruptcy Rule 9011(a), which provides, *inter alia*, as follows.

Bankruptcy Rule 9011. Signing and Verification of Papers.

"The signature of an attorney ... constitutes a certificate that the attorney ... has read the document; that to the best of the attorney's ... knowledge, information, and belief formed after reasonable inquiry it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation or administration of the case.... If a document is

signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction...."

It is well established that the proper standard to be applied when the Court considers the imposition of sanctions pursuant to Bankruptcy Rule 9011 is an objective standard, rather than a subjective standard. This rule demands that the actions of counsel comport with the accepted standards of practice. In the case of *Eastway Construction Corp. v. City of New York*, 762 F.2d 243 (2nd Cir.), *cert. den,.* 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1985), the Second Circit adopted the standard of "reasonable inquiry" by a "competent attorney." *Id.* at 254. Thus, it is no longer enough for an attorney to claim that he acted in good faith or that he was personally unaware of the groundless nature of a fact stated in a submission which he signed. Without doubt, the Rule now imposes an affirmative duty on the attorney to reasonably inquire into the facts stated in a document signed by the attorney. *Norton Tire Co., Inc. v. Tire Kingdom Co.*, 116 F.R.D. 236 (D.C.S.D.Fla.1987). As noted by a commentator "[t]here is no room for a pure heart, empty head defense under Rule 11." *Schwarzer, Sanctions Under the New Federal Rule 11–A Closer Look*, 104 F.R.D. 181, 187 (1985).

In considering a potential Bankruptcy Rule 9011 violation, the Court must determine whether the attorney's actions were reasonable under the circumstances. See *Thomas v. Capital Security Services, Inc.*, 812 F.2d 984, *aff'd. in part vacated in part*, 836 F.2d 866 (5th Cir.1987); *INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 401 (6th Cir.), *cert. den.*, 484 U.S. 927, 108 S.Ct. 291, 98 L.Ed.2d 251 (1987); *In re D.C. Sullivan Co., Inc.*, 843 F.2d 596 (1st Cir. 1988). As noted by the District Court in *In re Sheret*, 76 B.R. 935, 936 (D.C.W.D.N.Y.1987), "[s]ubjective good faith does not provide a safe harbor against sanction." *See also, Eastway Construction Corp., supra.*

There is no question that the requirement that counsel conduct reasonable inquiry includes at least an actual initial contact and conference with the client. *Unioil, Inc. v. E.F. Hutton & Co.*, 809 F.2d 548 (9th Cir.1986), *cert. den.*, 484 U.S. 822, 108 S.Ct. 83, 98 L.Ed.2d 45 (1987). In *Unioil*, the Court held that an attorney must at least speak to the client instead of relying solely on the information furnished by a party who, in this instance, also happened to be a client. In *Kramer, Levin, Nessen, Kamin and Frankel v. Aronoff*, 638 F.Supp. 714 (S.D.N.Y.1986), counsel was sanctioned for filing an answer on behalf of a party who did not employ the attorney. In *Wold v. Minerals Engineering Co.*, 575 F.Supp. 166 (D.Colo.1983), counsel was sanctioned because he did not conduct personal interviews, even though there were some limited telephone interviews. In *Southern Leasing Partners, Ltd. v. McMullan*, 801 F.2d 783 (5th Cir. 1986), the Court held that it was unreasonable to rely upon a client's interview to the exclusion of other available avenues of information.

Applying the foregoing principles to the facts at hand, there is hardly any doubt that Mr. Jasperson did violate Bankruptcy Rule 9011 when he did certify by his signature that he informed *both* Petitioners (emphasis supplied), including Mr. Jerrels, as to the alternative remedies available under the Code. The explanation of Mr. Jasperson stated earlier is, of course, without consequence since it does not change the undeniable fact that he never advised Mr. Jerrels of the alternative remedies under the Bankruptcy Code, a statement which he verified to be true by his signature. Moreover, it is equally evident that the blind acceptance by Mr. Jasperson of the representation by Mrs. Jerrels that the purported signature of Mr. Jerrels was, in fact, his signature, falls far short of the reasonable inquiry which must be made by an attorney when signing a document filed in the Court which contains a fact statement which in fact is not true. Therefore, pursuant to the mandate of the Rule, this Court is constrained to impose sanctions.

■ This leaves for consideration what should be the appropriate sanction to be imposed on Mr. Jasperson for his violation of Bankruptcy Rule 9011. Unfortunately, there is no definitive answer regarding what would be appropriate sanctions, for violation of Bankruptcy Rule 9011. The Courts dealt with this problem in the past on a case-by-case basis. Following is a partial list of sanctions which may be imposed after a violation of Bankruptcy Rule 9011 is found to exist.

(1) Imposition of costs and attorney fees.

(2) Imposition of fines.

(3) Warning and reprimands in public, that is, in open court or in chambers.

(4) Admonishment in writing.

(5) Dismissal of the case.

(6) Reference for action to the grievance committee of the Bar Association.

In this particular instance, the Court is satisfied that it would be inappropriate to impose a sanction by way of payment for costs and attorney fees to the Debtors, since there are no attorney fees or costs incurred by the Debtors in connection with this particular proceeding. Dismissal of the case is equally inappropriate in that it would not be a sanction because both of the Debtors now desire that the case be dismissed. Warning and reprimand, public or private, by itself would not be sufficient under these circumstances, and neither would an admonishment in writing alone be sufficient. In this particular instance, the Court is satisfied that it is appropriate to sanction Mr. Jasperson by publication of this opinion, referral of this matter to the Grievance Committee of the Florida Bar Association, and a fine of $500.00 to be made payable to the Clerk of the Court.

■ This leads to the question whether sanctions shall be imposed upon Ms. Brittle for the certification by her signature on the Motion To Excuse Mr. Jerrels From Attending the Meeting of Creditors, that the facts stated in the Motion were well grounded in fact ascertained after a reasonable inquiry. In light of the fact that the Order To Show Cause was not directed to Ms. Brittle and that her unsworn state-ment gives some doubt, albeit slight, regarding the truthfulness of the facts stated in the Motion, it would be improper to impose sanctions against her at this time. To do so would violate her due process rights by depriving her of the opportunity to state under oath that the facts stated by her in the Motion were, in fact, true and were ascertained after reasonable inquiry. For this reason no sanction will be imposed on Ms. Brittle at this time. However, in order to give her an opportunity to state her position under oath she will be directed to appear and show cause why sanctions should not be imposed for the apparent violation of Bankruptcy Rule 9011.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that sanctions be, and the same are hereby, imposed on Mark D. Jasperson, for his violation of Bankruptcy Rule 9011, and Mr. Jasperson is directed to pay a fine of Five Hundred Dollars ($500.00) to the Clerk of this Court within thirty days of the date of entry of this Order. It is further

ORDERED, ADJUDGED AND DECREED that a copy of this Order shall be submitted to the Grievance Committee of the Florida Bar Association for whatever action the Committee deems appropriate. It is further

ORDERED, ADJUDGED AND DECREED that Cheryl Marie Brittle be, and the same is hereby, directed to appear before this Court and show cause, if cause exists, why she should not be sanctioned for violating Bankruptcy Rule 9011. Ms. Brittle is directed to appear before the undersigned in Courtroom A of the United States Bankruptcy Court, 4921 Memorial Highway, Tampa, Florida, on November 14, 1991, at 2:30 p.m.

DONE AND ORDERED.