**In re AT ENGINEERING, INC., a/k/a AT Microsystems, Debtor.**

**Bankruptcy No. 91–15746–8P7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 30, 1992.

Michael Barbone, Tampa, Fla., for debtor.

Michael C. Markham, Clearwater, Fla., for William Taylor.

John F. Sherlock, III, Washington, D.C., Dennis J. LeVine, Tampa, Fla., for George Appleby.

R. Jay Harpley, Tampa, Fla., trustee.

## ORDER ON MOTION FOR SANCTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matter under consideration is a Motion for Sanctions pursuant to F.R.B.P. 9011. The Mo-

tion is filed by George W. Appleby who seeks an imposition of sanctions against Mr. William T. Taylor (Taylor), President of AT Engineering, Inc., a/k/a AT Microsystems, the Debtor corporation (Debtor), and Mr. Michael J. Barbone (Barbone), counsel of record for the Debtor. The Motion was set down for hearing with due notice to all parties in interest and this Court has heard counsel for Barbone, and Barbone spoke on behalf of Mr. Taylor. This court has considered comments of counsel, together with the record, and finds the following facts relevant to the matter under consideration.

On March 13, 1992, this Court entered an Order and dismissed this Chapter 7 case which was filed by Mr. Barbone on behalf of the Debtor. 138 B.R. 285. In the Order on Motion to Dismiss, this Court made specific findings, inter alia, that Taylor had no authority to hire Barbone and Barbone had no authority to file a Chapter 7 case on behalf of this Debtor. *See In re Brandon Farmer's Market,* 34 B.R. 148 (Bankr. M.D.Fla.1983); *In re Bel-Aire Investments, Inc.,* 97 B.R. 88 (Bankr.M.D.Fla. 1989). The Order of Dismissal provided that sanctions shall be imposed against Taylor and Barbone, and this Court retained jurisdiction to determine the appropriate sanctions to be imposed on Taylor and/or Barbone.

At the evidentiary hearing scheduled to consider the Motion for Sanctions, it was established that the Debtor was a closely held corporation in which Appleby and Taylor were both 50% shareholders. Although Taylor was the president, he clearly did not have the authority to act on behalf of the Debtor, especially to file a Petition for Relief under Chapter 7 of the Bankruptcy Code on behalf of the Debtor. It is without dispute that Barbone was specifically informed by Appleby prior to filing the Petition, that Taylor had no authority to file a petition for Chapter 7 relief on behalf of the Debtor. Moreover, it is clear that Barbone failed to do sufficient legal research to ascertain Taylor's authority to act on behalf of the Debtor, and he had no legitimate reason to believe that there was any legal principle permitting Taylor to file a Petition for Relief for the Debtor without proper corporate authorization. It is without dispute that neither the articles of incorporation or the by-laws of the Debtor corporation, nor the laws of the State of Maryland, the place of incorporation, vested an officer, including the president, with the power to place the corporation into bankruptcy without an appropriate resolution adopted by a majority of the Board of Directors, which due to the total deadlock could not have been obtained without the consent of Appleby.

The Motion to Impose Sanctions filed by Appleby is based on F.R.B.P. 9011, which provides in pertinent part as follows:

Rule 9011: SIGNING AND VERIFICATION OF PAPERS

Every petition, pleading, motion and other paper ... filed in a case ... shall be signed by at least one attorney of record in the attorney's individual name ... the signature of an attorney ... constitutes a certificate that the attorney ... has read the document; that to the best of [his] knowledge, information, and belief formed after *reasonable inquiry* it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose ... (emphasis added).

It is without dispute that while Barbone reviewed the Debtor's by-laws, he neglected to review the corporation laws of the State of Maryland. Barbone was fully aware of the fact that Taylor, as president of the Debtor corporation, had no power or ability to place the corporation into bankruptcy without an appropriate resolution adopted by a majority of the shareholders. No such resolution existed for the Debtor corporation, and Barbone did not seek such a resolution for the simple reason that no authorization could be obtained because of an ongoing dispute. It is clear that Barbone was fully aware of the ongoing dispute between the Debtor corporation's two shareholders, Taylor and Appleby, a fact that was well known to Barbone. Notwithstanding these facts, Barbone filed a Petition for Relief under Chapter 7 of the Bankruptcy Code for the Debtor.

Based on this record, there is no doubt that Barbone knew that certain fact statements made in the Petition for Relief were not grounded in fact, and were not warranted by existing law, nor could a good faith argument have been made for the extension, modification or reversal of existing law. Specifically, the statement signed by Barbone that the "Debtor requests relief in accordance with the Chapter of title 11 United States Code specified in this petition" (sic) was a violation of F.R.B.P. 9011 inasmuch as the Debtor did not seek relief under the Bankruptcy Code. Barbone had the duty to conduct a reasonable inquiry to ascertain Taylor's authority to act on behalf of the Debtor. Barbone failed to live up to the duty of reasonable inquiry of an attorney. *In re Jerrels*, 133 B.R. 161 (Bankr.M.D.Fla.1991) (affirmative duty on attorney to reasonably inquire into facts stated in document signed by attorney) (citing *Norton Tire Co., Inc. v. Tire Kingdom Co.*, 116 F.R.D. 236 (D.C.S.D.Fla.1987)); *In re Kearney*, 121 B.R. 642 (Bankr.M.D.Fla. 1990) (duty on party who signs particular document to conduct reasonable inquiry regarding its factual basis). Additionally, he continued to act after having been notified that the Debtor corporation was represented by other counsel and that Taylor has no power to commence legal proceedings on behalf of the Debtor corporation (Movant's Exh. 4). In sum, it is clear to this Court that Barbone violated F.R.B.P. 9011.

Bankruptcy Rule 9011 provides that if a document is signed in violation of the Rule, the Court shall impose on the person who signed it an appropriate sanction. *In re Muscatell*, 116 B.R. 295 (Bankr.M.D.Fla.1990) (court has great discretion in choosing sanctions that are imposed) (citing *Westmoreland v. CBS, Inc.*, 770 F.2d 1168 (D.C.Cir.1985)). An appropriate sanction may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee. The purpose of sanctions is "both to deter abusive practices and to compensate the offended party." *Muscatell*, 116 B.R. at 300 (citing *Thomas v. Capital Sec. Services, Inc.*, 836 F.2d 866 (5th Cir.1988); *Lieb v. Topstone Indus.,*

*Inc.*, 788 F.2d 151 (3rd Cir.1986)). In this case, the Court is satisfied that it is appropriate to sanction Barbone and to require him to refund to the Debtor corporation $600, the amount of money he received as a retainer in this case.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Sanctions is hereby granted. Michael Barbone is directed to pay to the Debtor corporation the sum of $600 within ten days of the entry of this Order. It is further

ORDERED, ADJUDGED AND DECREED that this Court reserves ruling on the sanctions to be imposed, if any, on Taylor pending the resolution of the Motion for Reconsideration of this Court's Order determining it is appropriate to sanction Taylor.

DONE AND ORDERED.