**In re D & V CONSTRUCTION, INC., Debtor.**

**Vincent A. MANFREDI III, Movant,**

v.

**D & V CONSTRUCTION, INC., Respondent.**

Bankruptcy No. 91–24065.
Motion No. JRC–2.

United States Bankruptcy Court, W.D. Pennsylvania.

Feb. 9, 1993.

James R. Cooney, Pittsburgh, PA, for Vincent A. Manfredi, III.

Edward B. Servov, McKeesport, PA, for debtor.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

This matter is before the Court on a Motion for Sanctions Pursuant to Bankruptcy Rule 9011 ("Motion"). The Motion is filed by Vincent A. Manfredi, III ("Manfredi") who seeks an imposition of sanctions against Andrew DelPercio ("DelPercio") and Edward B. Servov, Esq. ("Servov").

After notice and hearing, we dismissed the above bankruptcy case by Memorandum and Order of February 14, 1992 on motion of Manfredi. We did not at that time address Manfredi's motion for sanctions.

Manfredi asserts that prior to August 24, 1990, he and DelPercio were each 50% shareholders and officers of the Debtor; that as of August 24, 1990, DelPercio resigned his position and Manfredi purchased his interest in the Debtor; that DelPercio and his attorney, Servov, were aware that DelPercio lacked authority to initiate the within bankruptcy case; and that Manfredi incurred attorney's fees caused by the improper filing of the bankruptcy Petition.

An evidentiary hearing on the Motion was fixed for October 9, 1992. That hear-

ing was continued and rescheduled for January 22, 1993 at Servov's request due to health problems. We convened the hearing at the scheduled time, 11:00 a.m., January 22, 1993. Movant's counsel and witnesses were present, but neither Servov nor his client appeared.

At that time the Court attempted to contact Servov by telephone but was only able to contact a recorded message. The Court proceeded the hear the testimony of the Movant's witnesses.

The evidence and exhibits make clear that the essential dispute here is the control of the Debtor, its assets and the interests of two parties, Manfredi and DelPercio, who contend to be stockholders. Servov's client is DelPercio who asserts that he is a 50% shareholder. The issue over whether DelPercio is a 50% shareholder, or not a shareholder at all, is the subject of an Equity Action which has been pending in the Court of Common Pleas at least since Servov entered his appearance there October 1, 1991. The within bankruptcy was filed on November 4, 1991, apparently as a tactical maneuver in that litigation.

■ Accepting as true for the purposes of this Motion, the fact that DelPercio was a 50% shareholder, he did not have authority to file a bankruptcy Petition on behalf of the Debtor. *In re AT Engineering, Inc.*, 142 B.R. 990 (Bankr.M.D.Fla. 1992).

Servov knew that DelPercio was at most a 50% shareholder. On the bankruptcy schedules themselves, DelPercio is listed as a 50% owner—50% is not a majority. Further, the dispute between Manfredi and DelPercio was well known to Servov. Servov entered his appearance in the Equity Action over a month prior to the filing of this bankruptcy case.

Despite this knowledge, Servov and DelPercio signed and filed the bankruptcy Petition. It is clear to this Court that Servov and DelPercio violated Fed.R.Bankr.P. 9011.

If a document is signed in violation of Rule 9011, the Court "shall impose on the person who signed it, the represented party, or both, an appropriate sanction ...'' Fed.R.Bankr.P. 9011.

Manfredi has expended $2,898.75 in attorney fees and costs related to this improper bankruptcy filing. Manfredi requests that sanctions be imposed against DelPercio in the amount of $750 and that Servov be required to return the retainer of $2,500 which he received for the filing of this bankruptcy case. (As shown by the evidence, Servov received check number 110 from D & V Construction, Inc. in the amount of $2,500 for the bankruptcy filing.)

We are satisfied that it is appropriate to sanction DelPercio in the amount of $750 and to sanction Servov and to require him to refund to the Debtor $2,500, the amount of money he received for filing the within case. *See In re AT Engineering, Inc.*, 142 B.R. 990 (Bankr.M.D.Fla.1992).

■ We note further that following the conclusion of the evidence on January 22, 1993, the Court announced that we would hold the matter open until we could contact Servov to determine why he failed to appear. We again attempted to reach Servov on January 22, 1993. We were told by his office that he was not in and that his office had not heard from him that date. We left word for him to contact our office. Not having heard from Servov, we again placed a call to his office on January 26, 1993. Servov advised the Court that he had a medical emergency on January 22, 1993; that he would like an opportunity to present his side of this matter; that he was attempting to find other counsel to handle this matter; and that he would call the Court and advise us of how he wished to proceed by January 29, 1993. As of this date, the Court has heard nothing from Servov. Such actions border on the contemptuous. Servov had more than ample opportunity to present his defense or at least advise the Court of his desire to proceed with a defense. We find that Servov has waived that opportunity.

An appropriate Order will be entered.

## ORDER

This 9th day of February, 1993, in accordance with the accompanying OPINION, it shall be, and hereby is, ORDERED as follows:

1. Sanctions are imposed and judgment is entered in favor of Vincent A. Manfredi, III and against Andrew DelPercio in the amount of $750.

2. Sanctions are imposed and judgment is entered in favor of Vincent A. Manfredi, III and against Edward B. Servov, Esq. in the amount of $2,500.