**In re MORFEAS INN, INC., Debtor.**

**Bankruptcy No. 92–14824–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 4, 1993.

James A. Staack, Clearwater, FL, debtor's atty.

## ORDER ON MOTION FOR SANCTIONS

ALEXANDER L. PASKAY, Chief Justice.

THIS is a dismissed Chapter 11 case and the matter under consideration is a Motion for Sanctions filed by C.H. Beach Resort Condominium Association, Inc., (Beach Resort) a creditor of Morfeas Inn, Inc. (the Debtor) seeking the imposition of sanctions against James Staack, P.A., counsel of record for the Debtor. The facts relevant to resolution of this controversy are as follows:

On October 7, 1992 the Debtor executed a promissory note in favor of CLH Properties, Inc. (CLH) in the amount of $200,-000.00. On November 12, 1992, the Debtor filed its Petition for Relief under Chapter 11 of the Bankruptcy Code. With the Petition, as required by F.R.B.P. 1007(c), the Debtor filed a list of the twenty largest creditors holding unsecured claims against the Debtor. However, the only creditor listed was James Staack, indicating a claim for legal fees in the amount of $3,000.00.

On November 10, 1992, just prior to the filing of the Debtor's Petition, CLH filed its own Petition for Relief under Chapter 11 of the Bankruptcy Code. The Petition indicated that James Staack, P.A. (Staack Law Firm), was the counsel of record for CLH.

On December 31, 1992 the Debtor sought this Court's approval to employ the Staack Law Firm, and Russell E. Klemm as attorney for the Debtor-in-Possession. In connection with this Application, Russell E. Klemm, an attorney apparently associated with the Staack Law Firm signed an affidavit stating that neither the Staack Law Firm nor he represent any interest adverse to the Debtor. Obviously, this fact was untrue because it is without dispute that

the Staack Law Firm also represented CLH who was a creditor of the Debtor holding an unsecured claim against the Debtor in the amount of $200,000.00.

Based on these facts, Beach Resort contends in its Motion that the Staack Law Firm, violated F.R.B.P. 9011 by signing the affidavit and failing to disclose that it also represented an interest adverse to the interest of the Debtor. F.R.B.P. 9011 provides in pertinent part, as follows:

Rule 9011. Signing and Verification of Papers

(a) Every petition, pleading, motion and other paper served or filed in a case ... shall be signed by at least one attorney of record ... The signature of an attorney ... constitutes a certificate that the attorney ... has read the document; that to the best of the attorney's ... knowledge, information, and belief formed after reasonable inquiry it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass to cause delay, or to increase the cost of litigation....

■ Bankruptcy Rule 9011 provides that if a document is signed in violation of the Rule, the Court shall impose on the person who signed it an appropriate sanction. *In re Muscatell,* 116 B.R. 295 (Bankr.M.D.Fla.1990) (court has great discretion in choosing sanctions that are imposed) (citing *Westmoreland v. CBS, Inc.,* 770 F.2d 1168 (D.C.Cir.1985)). An appropriate sanction may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee. The purpose of sanctions is "both to deter abusive practices and to compensate the offended party." *Muscatell,* 116 B.R. at 300 (citing *Thomas v. Capital Sec. Services, Inc.,* 836 F.2d 866 (5th Cir.1977); *Lieb v. Topstone Indus., Inc.,* 788 F.2d 151 (3rd Cir.1986)).

■ This record leaves no doubt that the Staack Law Firm acted as counsel of rec-ord for two entities who clearly held interests adverse to each other. Moreover, James Staack was apparently the only creditor of the Debtor, his own client. Thus, the affidavit signed by Klemm contained facts which were untrue, and certainly was not well grounded in fact.

The only issue remaining for this Court is the determination of who shall be sanctioned and what would be the appropriate sanction. The Supreme Court in considering this issue in the case *Pavelic & Le-Flore v. Marvel Entertainment Group,* 493 U.S. 120, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989), interpreted the corresponding civil rule, F.R.C.P. 11, and stated that the individual signing attorney, and not the firm, should be sanctioned:

[A]nd the purpose of Rule 11 as a whole is to bring home to the individual signer his personal, nondelegable responsibility. It is at least arguable that these purposes are better served by a provision which makes clear that, just as the court expects the signer personally, and not some nameless person within his law firm—to validate the truth and legal reasonableness of the papers filed, so also it will visit upon him personally—and not his law firm—its retribution for failing in that responsibility. The message thereby conveyed to the attorney, that this is not a team effort but in the last analysis yours alone, is precisely the point of Rule 11.

*Id.,* 493 U.S. at 126–27, 110 S.Ct. at 460, 107 L.Ed.2d at 445. Based on the foregoing it is clear that it is appropriate to sanction Russell Klemm, and not the Staack Law Firm. Inasmuch as the Motion for Sanctions filed by C.H. Beach Resort Condominium Association, Inc., sought the imposition of sanctions against counsel for the Debtor, the Staack Law Firm, and not Russell Klemm, the Motion should be denied without prejudice with leave granted to file an amended Motion against the appropriate party.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Sanctions filed by C.H. Beach Resort Condominium Associ-

ation, Inc. be, and is hereby, denied without prejudice with leave to file an Amended Motion against the appropriate party.

DONE AND ORDERED.